UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEIGH LANEY                                                    CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL.                     NO.: 15-00848-BAJ-RLB

### RULING AND ORDER

Before the Court is a **Motion to Dismiss (Doc. 7)** filed by Defendant State of Louisiana ("Defendant") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). Plaintiff Leigh Laney ("Plaintiff") has filed a memorandum in opposition (Doc. 12), to which Defendant has replied (Doc. 16). Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

Filed on March 17, 2016, Defendant's motion "urges this Court to dismiss Plaintiff's ADA and FMLA claims" claims against the State of Louisiana. (*See* Doc. 7-1 at p. 1). Such claims were, at the time, pending before this Court. (Doc. 1). Since then, however, Plaintiff has filed an amended complaint,[1] in which she *only* asserts

---

[1] Plaintiff's amended complaint was filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which permits a party to "amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

a Rehabilitation Act[2] claim against the State of Louisiana.[3] (*See* Doc. 10 at ¶ 4). That complaint now governs this dispute. *See Zaidi v. Ehrlich*, 732 F.2d 1218, 1219–20 (5th Cir. 1984) (noting that a motion to dismiss does not extinguish a plaintiff's right to amend a complaint).

In short, Defendant moves to dismiss two claims that no longer exist. Accordingly, Defendant's **Motion to Dismiss (Doc. 7)** is **DENIED** as moot.

Baton Rouge, Louisiana, this \_\_\_\_ day of June, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] The Court is nonetheless cognizant of its "independent obligation to determine whether subject-matter jurisdiction exists" in this case. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 281 (5th Cir. 2005) (holding that § 504 of the Rehabilitation Act, codified as 29 U.S.C. § 794, "validly conditioned Louisiana's receipt of . . . federal funds on its waiver of Eleventh Amendment immunity").

[3] Because Secretary Leblanc was not a party to this lawsuit when Defendant filed its Motion to Dismiss, none of the claims that Plaintiff has subsequently asserted against Secretary Leblanc, *see* Doc. 10 at ¶ 5, are relevant to this Ruling and Order.