## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| LEIGH LANEY | CIVIL ACTION |
|---|---|
| VERSUS | |
| | NO. 15-848-BAJ-RLB |
| STATE OF LOUISIANA, THROUGH DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS DIVISION OF PROBATION AND PAROLE | |

## ORDER

Before the Court is the parties' Joint Motion for Extension of Deadlines (R. Doc. 22) filed on April 4, 2017.

Also before the Court is the State of Louisiana, through Department of Public Safety and Corrections, Division of Probation and Parole, and Secretary James Leblanc's ("Defendants") Motion to Compel (R. Doc. 23) filed on April 10, 2017. The deadline for filing an opposition to the motion has not expired.

For the following reasons, the motions are **DENIED**.

### I. Background

On December 18, 2015, Leigh Laney ("Plaintiff") initiated this employment discrimination action, naming as defendant the State of Louisiana, through Department of Public Safety and Corrections, Division of Probation and Parole. (R. Doc. 1). Plaintiff later filed a First Amended and Supplemental Complaint naming Secretary James LeBlanc as a defendant. (R. Doc. 10).

On March 31, 2016, the Court entered a Scheduling Order (R. Doc. 9) based upon deadlines requested by the parties in their Joint Status Report (R. Doc. 8). The Scheduling Order set, among other things, the deadline to provide Rule 26(a)(1) initial disclosures by April 14, 2016; the deadline to complete all non-expert discovery by October 31, 2016; the deadline to complete expert

discovery by March 3, 2017; and the deadline to file dispositive motions and Daubert motions by May 4, 2017. (R. Doc. 9 at 1-2). Trial is set to commence on November 13, 2017. (R. Doc. 9 at 2).

On May 9, 2016, Defendants served written discovery requests on Plaintiff. (R. Doc. 23-2).

On October 12, 2016, over five months after Defendants propounded written discovery, the parties held a conference and Plaintiff's counsel agreed to provide responses to the outstanding discovery requests within two weeks (*i.e.*, prior to the October 31, 2016 discovery deadline). (R. Doc. 23-1 at 1).[1] Defendants assert that this conference satisfies the requirements of Rule 37(a)(1) of the Federal Rules of Civil Procedure. (R. Doc. 23-1 at 3). Defendants did not file a motion to compel prior to the October 31, 2016 deadline to file discovery motions.

Instead, on October 31, 2016, the parties filed a joint motion to extend the discovery deadline to May 4, 2017, and the deadline to file dispositive motions and Daubert motions to June 2, 2017. (R. Doc. 20). In support of their motion, the parties made no mention of Plaintiff's failure to provide initial disclosures and/or respond to discovery requests. The parties represented that the extensions were requested in light of "flooding"[2] and the "upcoming medical leave expected by counsel for Defendants." (R. Doc. 20 at 2). Based on record, and the representations of the parties, the Court found good cause to extend the deadline to complete all discovery and to file all discovery motions to April 4, 2017, and to extend the deadline to file dispositive motions and Daubert motions to May 12, 2017. (R. Doc. 21).

Defendants then waited until January 18, 2017 to again seek the outstanding discovery responses and initial disclosures from Plaintiff. (R. Doc. 23-1 at 2). There is no indication in the motion that Defendants made any further attempts to obtain discovery responses and/or initial

---

[1] Defendants do not identify whether Plaintiff agreed to provide initial disclosures in two weeks from October 12, 2016.
[2] It appears that this reference to "flooding" alludes to the historic flooding in the Baton Rouge area in August of 2016.

disclosures from Plaintiff after January 18, 2017. Defendants represent that defense counsel was on maternity leave from January 19, 2017 to April 3, 2017. (R. Doc. 22 at 2).

On April 4, 2017, the parties moved for an extension of the discovery deadline to May 4, 2017, and an extension of the dispositive motion and Daubert motion deadline to June 6, 2017. (R. Doc. 22). In support of the requested extensions, the parties state that they "still have a couple of discovery issues that they are working through and need more time to resolve before moving onto the next steps of litigation." (R. Doc. 22 at 2). The parties further state that they need to schedule "a small number of depositions," but do not identify whether any depositions have been taken or why depositions have not been taken since the discovery commenced. (R. Doc. 22 at 2).

On April 10, 2017, approximately a year after they were ordered to be provided, and after the Court's deadline to file any discovery related motions, Defendants moved to compel Plaintiff to provide initial disclosures. Defendants also untimely moved to compel responses to the outstanding discovery requests propounded on May 9, 2016, approximately 11 months earlier. (R. Doc. 23).

In light of the relief requested by the instant motions, the Court considers them together.

**II.    Law and Analysis**

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such

3

prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x. 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically" and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 9 at 2-3).

The record does not support a finding that the parties have been diligent in conducting discovery. The parties appear to have done little, if anything, by way of discovery since the issuance of the Scheduling Order in this matter, including during the 5-month extension of the deadline to complete discovery from October 31, 2016 to April 4, 2017. The only written discovery requests that the Court is aware of were propounded by Defendants nearly one year ago on May 9, 2016. The record indicates that despite having held a purported Rule 37(a)(1) conference on October 12, 2016, Defendants did not timely move to compel Plaintiff to provide initial disclosures and/or to respond to the outstanding discovery requests. Furthermore, Defendants were aware that their counsel was scheduled to go on maternity leave when the Court extended the discovery deadline from October 31, 2016. Defense counsel had the opportunity to move to compel discovery prior to maternity leave and/or enroll another attorney at the Louisiana Department of Justice to represent Defendants and to ensure that the Court's deadlines were met. Moreover, the parties do not explain why depositions were not timely scheduled and taken in this action. Finally, given the earlier extensions provided by the Court, any further extension of the dispositive motion deadline would interfere with the trial date.

Based on the foregoing, the Court does not find good cause for the extensions requested, and will deny the joint motion for extensions of the deadlines. Accordingly, Defendants' motion to compel will be denied as untimely.[3]

The Court, however, notes that a denial of the motion to compel initial disclosures in no way excuses Plaintiff's failure to comply with its obligations under this Court's order and Rule 26. Indeed, this apparent failure to comply could result in an inability to use any information or witness that was not identified. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Based on the record before the Court, but without making any particularly finding, it does not appear that either exception would apply, particularly if Plaintiff has continued to ignore her obligations.

The parties may agree to conduct additional unopposed discovery so long as such discovery does not interfere with the Court's other deadlines. *See* LR 26(d)(1) ("Unopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting."). The Court will not, however, entertain any motions regarding discovery conducted pursuant to Local Rule 26(d)(1).

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Joint Motion for Extension of Deadlines (R. Doc. 22) is **DENIED**.

---

[3] Defendants have not established good cause for extending the discovery deadline for the purposes of rendering their motion to compel timely. As discussed above, given that the purported Rule 37(a)(1) conference was held on October 12, 2016, Defendants had ample opportunity to file a timely motion to compel. Moreover, Defendants provide no explanation why it was able to file a timely joint motion to extend the discovery deadline, but not a timely motion to compel discovery. LR 26(d)(1) further provides that absent exceptional circumstances, no motions related to discovery shall be filed after the discovery deadline. Such exceptional circumstances do not exist in this case.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel (R. Doc. 23) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 12, 2017.

                                    **RICHARD L. BOURGEOIS, JR.**
                                    **UNITED STATES MAGISTRATE JUDGE**